**WO**                                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 12-1307-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Christopher Stoller, "[by and through his agent, Leo Stoller," filed this action through Illinois attorney, Aaron Penna, against numerous Defendants, and an Application to Proceed *In Forma Pauperis*.[1] Christopher, Leo, or an entity[2] affiliated with one or both of them, have

---

[1] Christopher Stoller (Christopher or Plaintiff) is incarcerated in the Dixon Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A. Christopher Stoller has filed a number of cases in both Illinois and Arizona.

[2] Specifically, the Christopher Stoller Pension and Profit Sharing Plan Limited, a Bahamas corporation (CSPPSP). See CSPPSP v. Countrywide Bank, No. CV09-0002-PHX-NVW.

previously sued most if not all of the Defendants in this case regarding one or more of the same four properties located in Arizona.[3]  Christopher has filed motions for a temporary restraining order and to disqualify the undersigned. (Doc. 2, 3, 5.)  As discussed below, the Court finds no basis for recusal or disqualification, accordingly, that motion will be denied. The Court will order Christopher to show cause why this action should not be dismissed based on his lack of legal capacity to commence this action, hold his Application to Proceed *In Forma Pauperis* in abeyance pending that determination, and deny his motion for injunctive relief.

Defendants Bank of America (BOA), Bryan Cave LLP, Steven R. Smith, and Michael Werich have filed a motion for leave to exceed the page limit for their lodged "Motion, Pursuant to F.R.C.P. 11 and 28 U.S.C. § 1651, for Sanctions Against Leo Stoller, Christopher Stoller, and Their Counsel, Aaron Penna." (Doc. 12, 13.)  Neither Christopher, nor his attorney, have opposed the motion to exceed the page limit.  To date, Leo Stoller has not appeared in this action nor have Defendants included a certificate of mailing or service of their motion on Leo Stoller.  The Court will grant the motion to exceed the page limit and will order Christopher and his attorney to respond to the motion for sanctions.  Because Leo is not a party to this case and has not appeared in this case, the Court will not require him to respond to the motion for sanctions at this time.[4]  Defendants may thereafter file a reply.

---

[3] According to the Public Access to Court Electronic Records (PACER) website, Leo Stoller has been a party, since 1985, in 87 civil actions or appeals in Illinois, Missouri, Minnesota, New Jersey, Oklahoma, Utah, California, and Arizona.  He is currently a criminal defendant in the Northern District of Illinois, case no. 1:2010CR1052.  On or about April 13, 2012, Leo entered into a plea agreement under which he pleaded guilty to one count of knowingly and fraudulently making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding in violation of 18 U.S.C. § 152(3).  Sentencing is scheduled for October 29, 2012.

[4] In a footnote, the Complaint states that "Leo Stoller, Christopher Stoller's brother[,] has the power, as Plaintiff's agent, to commence and litigate this action on Plaintiff's behalf, through a Power of Attorney granted by Christopher Stoller to him."  As discussed further below, while Leo appears to have the power to commence and litigate lawsuits on

- 2 -

I.   **Motion for Disqualification**

Plaintiff has filed a motion to disqualify the undersigned pursuant to 28 U.S.C. §§ 144 and 455. (Doc. 5.) Section 455(a) provides that a United States judge or magistrate judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself, where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Plaintiff fails to allege or show any basis for recusal under § 455. Rather, he complains of the Court's rulings in previous cases filed by him. As discussed above, that is not a basis upon which the Court's impartiality might *reasonably* be questioned for purposes of § 455(a). Further, the Court does not have a personal bias or prejudice concerning Plaintiff or other potential parties to this action or personal knowledge of disputed evidentiary facts at issue in this proceeding. Plaintiff also asserts that the Court should

---

Christopher's behalf as Christopher's agent, the Complaint is not signed by Leo, nor does Christopher's attorney, Aaron Penna, indicate that he represents *Leo* in this action. On the current record in this case, the Court is unable to conclude that *Leo* is a party to this action, but the Court will reconsider that determination if it is subsequently appears that Leo instigated or endorsed the filing of this action.

- 3 -

1  recuse even if it is not personally biased or prejudiced against him to avoid an appearance
2  or impropriety in light of the Court's rulings in previous cases filed by him. The Court
3  discerns no appearance of impropriety by presiding over the instant case simply because
4  Plaintiff's prior efforts were unsuccessful. Again, Plaintiff's disagreement with rulings in
5  prior cases were matters to raise on appeal. The Court finds no reason to recuse or disqualify
6  itself from the instant action.

Plaintiff also seeks disqualification under § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

As an initial matter, Plaintiff's attorney has not filed a certificate stating that the motion is made in good faith. Moreover, Plaintiff has failed to file a "sufficient affidavit." Instead, he seeks disqualification solely based on his disagreement with the Court's rulings in previous cases filed by him. For both reasons, the Court will deny Plaintiff's request and deny his motion for disqualification.

## II. Background

In this case, as in at least one previous case, Plaintiff has submitted a copy of a February 2011 Order of the Illinois Circuit Court for the Nineteenth Judicial Circuit (Illinois Probate Court) appointing the Illinois Office of the State Guardian as plenary guardian over Plaintiff's estate and person, case# 09 P 957, which was sought by Plaintiff's brother, Leo.[5]

---

[5] For appointment of a plenary guardian, the trial court must find the disabled adult is totally without capacity. In re Estate of Fallos, 898 N.E.2d 793, 800 (Ill. Ct. App. 2008).

- 4 -

1  (Doc. 2, attach.); see Stoller v. Bank of New York Mellon Trust, No. CV11-2454-PHX-GMS
2  (JFM), doc. 10, ex. 1.  The Illinois Probate Court determined that Plaintiff was "totally
3  without understanding or capacity to make and communicate decisions regarding his person"
4  and his estate.[6]  (Id.); see CV11-2454, doc. 10, ex. 1.

5      In CV11-2454, the Court ordered briefing of Plaintiff's legal capacity to commence
6  that case.  Stoller, CV11-2454, doc. 16.  Through attorney Penna, Plaintiff filed a
7  memorandum.  Id., doc. 58.  In it, Plaintiff stated that three years prior to the appointment of
8  a guardian, he executed a "General Durable Power of Attorney Effective Upon Execution"
9  (POA) naming his brother, Leo, as his attorney-in-fact.  Id.  Plaintiff submitted a copy of the
10 POA as exhibit 2 to his memorandum, which reflected that it had been signed and notarized

---

"The probate court, upon petition of a guardian, . . . and after notice to all other persons interested as the court directs, may authorize the guardian to exercise any or all powers over the estate and business affairs of the ward that the ward could exercise if present and not under disability." 755 Ill. Comp. Stat. 5/11a-18(a). In addition, "[a]ctions or applications of funds [by a guardian] may include, but shall not be limited to, the following: . . . (2) conveying, releasing, or disclaiming his or her contingent and expectant interests in property . . .; [and] (8) exercising the rights of the ward to elect benefit or payment options, to terminate, to change beneficiaries or ownership, to assign rights, to borrow, or to receive cash value in return for a surrender of rights under any one or more of the following: (i) life insurance policies, plans, or benefits, (ii) annuity policies, plans, or benefits, (iii) mutual fund and other dividend investment plans, (iv) retirement, profit sharing, and employee welfare plans and benefits; . . . . 755 Ill. Comp. Stat. 5/11-18(a-5). Finally, the guardian of the estate of a ward shall appear for and represent the ward *in all legal proceedings* unless another person is appointed for that purpose as guardian or next friend. . . . 755 Ill. Comp. Stat. 5/11a-18(c) (emphasis added).

[6] The Probate Court noted a Physician's Report in support of its determination. "'Incapacitated', when used to describe a principal, means that the principal is under a legal disability as defined in Section 11a-2 of the Probate Act of 1975. A principal shall also be considered incapacitated if: (i) a physician licensed to practice medicine in all of its branches has examined the principal and has determined that the principal lacks decision making capacity; (ii) that physician has made a written record of this determination and has signed the written record within 90 days after the examination; and (iii) the written record has been delivered to the agent. The agent may rely conclusively on the written record." 755 Ill. Comp. Stat. 45/2-3(c-5).

by a Maricopa County notary on October 24, 2007.[7] Id., ex. 2. In the POA, Plaintiff delegated to Leo full power and authority to manage and conduct all of Plaintiff's affairs and to exercise Plaintiff's legal rights and powers, including among others, those: to collect, hold, maintain, improve, invest, lease or otherwise manage any or all of his real or personal property or any interest therein; to purchase, sell, mortgage, grant options, or otherwise deal in any way in any real or personal property; to engage in any administrative or legal proceedings or lawsuits in connection with any matter covered by the POA; to engage and dismiss agents, counsel, and employees in connection with any matter, upon such terms as Leo, as Plaintiff's agent, determined *and to sue on Plaintiff's behalf*; and to contravene any medical power of attorney Plaintiff executed whether prior or subsequent to the execution of the POA. Id. (emphasis added). Plaintiff argued, and the Court found, that under Illinois law the power granted pursuant to the POA governed or controlled any subsequent power conferred on the later-appointed guardian. Id., doc. 63 at 5 (citing 755 Ill. Comp. Stat. 5/11a-17(c) and 5/11a-18(e)). However, the Court rejected Plaintiff's assertion that his brother, Leo, had commenced that case. Id. The Court noted that the complaint and everything filed in that case had been signed by Plaintiff, or later, Plaintiff's attorney. Id., doc. 63 at 6. The Court found that while Leo Stoller had the power, as Plaintiff's agent, to commence and litigate an action on Plaintiff's behalf, nothing in the case supported that Leo had done so. Id. The Court further found that while Plaintiff asserted that his agent, Leo, endorsed the filing of that action, Plaintiff's attorney did not claim to represent Leo and Leo never otherwise appeared. Id. On that basis, the Court found that Plaintiff had not demonstrated that he had the legal capacity to litigate that action and that his agent, Leo, had not appeared in the action. Id. Because Plaintiff failed to show that he possessed the legal capacity to litigate that case, the Court dismissed the complaint and that action. Id.

## III. Order to Show Cause

As noted in CV11-2454, the Illinois Probate Court determined Plaintiff to be "totally

---

[7] Plaintiff alludes to the POA in his motion to disqualify, doc. 5 at 1, n.1.

1  without understanding or capacity to make and communicate decisions regarding his person"
2  and estate. The Court rejected Plaintiff's unsupported assertion, in the previous case, that
3  his brother, Leo, had commenced or endorsed the filing of that case, noting that the
4  complaint and everything else filed in the case had been signed by Plaintiff, or later,
5  Plaintiff's attorney. Id., doc. 63 at 6.

6        This case is in a similar posture as CV11-2454. Although, given Leo's past proclivity
7  for filing suits regarding the same four properties at issue in this case, e.g., Stoller v. Bank
8  of New York Mellon Trust, No. CV11-0338-PHX-GMS, and his removal of a forcible
9  detainer action from the Maricopa County Superior Court, Bank of New York Mellon v.
10 Ribadeneira, No. CV11-0982-PHX-FJM (granting plaintiff's motion to remand) (D. Ariz.
11 July 8, 2011), concerning one of those properties, Defendants' assumption that Leo is
12 involved in this case is understandable. However, nothing in this case, to date, reflects that
13 Leo instigated or endorsed the commencement of this case, nor does Plaintiff's attorney
14 indicate that he represents anyone either than Christopher. Plaintiff's *in forma pauperis*
15 application, Complaint, and motions in this case have all been signed by Plaintiff and/or his
16 attorney, Mr. Penna. For example, *Christopher* declares that he is authorized to execute the
17 *in forma pauperis* application, but there is nothing in the record to support that Christopher
18 possesses the legal capacity to do so. Further, nothing in the record reflects that Leo has
19 approved or endorsed the filing of this action on his brother's behalf. Plaintiff's assertion
20 that he brings this case "by and through his Agent, Leo Stoller" is wholly unsupported by the
21 record; nothing submitted thus far reflects that *Leo* authorized, endorsed, or is aware of the
22 filing of this case. Nor does Plaintiff's attorney claim to be representing Leo, as
23 Christopher's agent. In short, while Leo Stoller has the power, as Plaintiff's agent, to
24 commence and litigate an action in Plaintiff's name through counsel, nothing in this case
25 supports that Leo has done so. Assuming the Illinois judgment of incapacity remains in
26 force, Plaintiff may not act as a party in this or any other action on his behalf as it relates to
27 his estate or financial affairs. Further, to the extent that the POA remains in effect, Plaintiff's
28

1 agent, Leo, must endorse or authorize the filing of an action on his brother's behalf. Under
2 these circumstances, Plaintiff will be ordered to show cause within 30 days why this action
3 should not be dismissed for lack of legal capacity to commence this action by establishing
4 that the guardianship was terminated prior to the commencement of this action.
5 Alternatively, if the guardianship remained in effect at the time Plaintiff commenced this
6 action, Plaintiff must show cause within 30 days, why this action should not be dismissed
7 absent an endorsement by Plaintiff's agent, Leo Stoller, to the filing and maintenance of this
8 action on Plaintiff's behalf.

### III. Payment of Filing Fee

If Plaintiff shows cause to support that he had the legal capacity to file this action or that his agent, Leo, endorses the commencement of this action, Plaintiff must either pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis* (Non-Habeas) using this District's approved form. The Court will hold Plaintiff's Application to Proceed *In Forma Pauperis* in abeyance pending the above determination.

### IV. Motion for a Temporary Restraining Order

As noted above, Plaintiff filed a motion for a temporary restraining order. (Doc. 3.) Because it appears that Plaintiff lacked the legal capacity to commence this case and that his agent has not endorsed the commencement of this action, the Court will deny his motion for injunctive relief without prejudice.

### V. Defendants' Motion to Exceed Page Limit/Motion for Sanctions

As noted above, Defendants BOA, Bryan Cave, Smith, and Werich filed a motion to exceed the page limit for their lodged motion for sanctions. (Doc. 12.) Neither Plaintiff, nor his attorney, have opposed the motion to exceed the page limit. Accordingly, that motion will be granted and the lodged motion ordered filed.

In the motion for sanctions, Defendants ask the Court to sanction Leo, Christopher, and Christopher's attorney, Aaron Penna. Specifically, the Defendants seek the following relief: (a) dismissal of this case with prejudice; (b) an award of attorneys' fees against Leo,

1  Christopher, and Penna, jointly and severally; (c) restraining Leo, Christopher, and "anyone
2  in privity with them or acting on their behalf, from ever bringing any further legal actions
3  related to the properties at issue in this case against any person or entity in any court in the
4  United States or abroad; (d) restraining Leo and Christopher, and anyone in privity with them
5  or acting on their behalf, from suing any of the Defendants or their agents, including counsel,
6  for any alleged reason without leave of Court; and (e) revoking Penna's *pro hac* status
7  because he has abused his privilege to practice before this Court. Defendants argue that
8  sanctions against Leo and Christopher are appropriate because this is the sixth lawsuit "they"
9  have "brought forth" related to three properties and the second action as to a fourth property.
10 (Doc. 13 at 3.) Defendants argue that monetary sanctions will not deter the filing of further
11 suits by them, and that Leo and Christopher either have no assets or have hidden their assets.
12 Defendants argue that Mr. Penna should be sanctioned because he failed to exercise due
13 diligence by filing this case after being put on notice of the case's infirmities, including
14 findings in previous cases that are *res judicata* or collaterally estop the current claims.

15     As discussed herein, nothing, to date, establishes that Leo Stoller instigated or
16 endorsed the commencement of *this* case, and he has not appeared in *this* action. At this
17 juncture, therefore, the Court will not require that Leo Stoller be served with the motion for
18 sanctions or required to respond. However, the Court will require Christopher Stoller and
19 his attorney, Mr. Penna, to respond to the motion for sanctions within 30 days. Defendants
20 must thereafter file any reply within 15 days.

21     **IT IS ORDERED:**

22     (1)     Within **30 days** of the filing date of this Order, Plaintiff must show cause why
23 this action should not be dismissed based on Plaintiff's lack of legal capacity to bring this
24 action by demonstrating that the Illinois guardianship terminated prior to the commencement
25 of this case, or alternatively, by showing that his agent, Leo Stoller, authorized or endorsed
26 the commencement of this action.

27     (2)     Plaintiff's motion for injunctive relief is **denied**. (Doc. 3.)

28

(3)   Defendants' motion to exceed the page limit is **granted**.  (Doc. 12.)

(4)   Plaintiff Christopher Stoller and his attorney, Aaron Penna, must file a response to Defendants' motion for sanctions no later than **30 days** from the filing date of this Order. Defendants must thereafter file within **15 days** any reply to Plaintiff's and/or Mr. Penna's response.

DATED this 17th day of October, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge