**WO**                                                                                                       SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller, | No. CV 12-1307-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of New York Mellon Trust Co., et al., | |
| Defendants. | |

Christopher Stoller, "[by and through his agent, Leo Stoller,]" filed this action through Illinois attorney, Aaron Penna, against numerous Defendants, with an Application to Proceed *In Forma Pauperis*.[1] Christopher, Leo, or an entity[2] affiliated with one or both of them, have previously sued most if not all of the Defendants in this case regarding one or more of the

---

[1] Christopher Stoller (Christopher or Plaintiff) is incarcerated in the Dixon Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A. Christopher Stoller has filed a number of cases in both Illinois and Arizona.

[2] Specifically, the Christopher Stoller Pension and Profit Sharing Plan Limited, a Bahamas corporation (CSPPSP). See CSPPSP v. Countrywide Bank, No. CV09-0002-PHX-NVW.

same four properties located in Arizona.[3] Defendants Bank of America (BOA), Bryan Cave LLP, Steven R. Smith, and Michael Werich filed a motion for leave to exceed the page limit for their lodged "Motion, Pursuant to F.R.C.P. 11 and 28 U.S.C. § 1651, for Sanctions Against Leo Stoller, Christopher Stoller, and Their Counsel, Aaron Penna." (Doc. 12, 13.)

In an Order filed on October 17, 2012, the Court granted the unopposed motion to exceed the page limit. (Doc. 14.) In the motion for sanctions, Defendants ask the Court to sanction Leo, Christopher, and Christopher's attorney, Aaron Penna. Specifically, the Defendants seek the following relief: (a) dismissal of this case with prejudice; (b) an award of attorneys' fees against Leo, Christopher, and Penna, jointly and severally; (c) restraining Leo, Christopher, and "anyone in privity with them or acting on their behalf, from ever bringing any further legal actions related to the properties at issue in this case against any person or entity in any court in the United States or abroad; (d) restraining Leo and Christopher, and anyone in privity with them or acting on their behalf, from suing any of the Defendants or their agents, including counsel, for any alleged reason without leave of Court; and (e) revoking Penna's *pro hac* status because he has abused his privilege to practice before this Court. Defendants argue that sanctions against Leo and Christopher are appropriate because this is the sixth lawsuit "they" have "brought forth" related to three properties and the second action as to a fourth property. (Doc. 13 at 3.) Defendants argue that monetary sanctions will not deter the filing of further suits by them, and that Leo and Christopher either have no assets or have hidden their assets. Defendants argue that Mr. Penna should be sanctioned because he failed to exercise due diligence by filing this case

---

[3] According to the Public Access to Court Electronic Records (PACER) website, Leo Stoller has been a party, since 1985, in 87 civil actions or appeals in Illinois, Missouri, Minnesota, New Jersey, Oklahoma, Utah, California, and Arizona. He is currently a criminal defendant in the Northern District of Illinois, case no. 1:2010CR1052. On or about April 13, 2012, Leo entered into a plea agreement under which he pleaded guilty to one count of knowingly and fraudulently making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding in violation of 18 U.S.C. § 152(3). Sentencing is scheduled for October 29, 2012.

1 after being put on notice of the case's infirmities, including findings in previous cases that
2 are *res judicata* or collaterally estop the current claims.  Because the record did not then
3 reflect that Leo Stoller had instigated or appeared in this action or been served with the
4 motion to exceed the page limit, the Court did not order Leo to respond to the motion for
5 sanctions.

6       Defendants have filed a supplement to their motion for sanctions and motion for order
7 requiring Leo Stoller to respond to the motion for sanctions.  (Doc. 16.)  Defendants have
8 also filed a motion to expedite consideration of the motion seeking an order requiring Leo
9 Stoller to respond to the motion for sanctions.  (Doc. 17.)  Defendants' motion to expedite
10 will be granted.  The supplement to their motion for sanctions reflects that Mr. Penna
11 represents Leo Stoller, either in addition to Christopher or as Christopher's agent,[4] and that
12 Leo has been integral to the filing of this action and is and has been aware that Defendants
13 intended to seek sanctions.  Therefore, the Court will also grant Defendants' motion to
14 require Leo Stoller to respond to Defendants' motion for sanctions, as supplemented.
15 Defendants may thereafter file a reply.

16     **IT IS ORDERED:**

17     (1)    For the reasons stated in the October 17, 2012 Order, Plaintiff's motion for
18 disqualification is **denied**.  (Doc. 5.)

19     (2)    Defendants' motion to expedite consideration of their motion seeking an order
20 requiring Leo Stoller to respond to the motion for sanctions, doc. 15, is **granted**.  (Doc. 17.)

21     (3)    Defendants' motion seeking an order requiring Leo Stoller to respond to their
22 motion for sanctions, doc. 15, is **granted**.  (Doc. 16.)

23 / / /
24 / / /
25 / / /
26

---

27     [4] Mr. Penna's representation of Leo, as Christopher's agent, would likely moot the
28 necessity to show that Christopher had the legal capacity to commence this case.

- 3 -

(4) Within **30 days** from the filing date of the October 17, 2012 Order, Leo Stoller must file a response to Defendants' motion for sanctions, doc. 15, as supplemented, doc. 16. Defendants must thereafter file within **15 days** any reply to any response filed by Leo Stoller.

DATED this 22nd day of October, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

- 4 -