1  **WO**                                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8
   Christopher Stoller,                    )      No. CV 12-1307-PHX-GMS (JFM)
9                                          )
               Plaintiff,                  )      **ORDER**
10                                         )
                                           )
11  vs.                                    )
                                           )
12  Bank of New York Mellon Trust Co., et  )
    al.,                                   )
13                                         )
               Defendants.                 )
14  _____       )

15

16        Christopher Stoller, "[by and through his agent, Leo Stoller,]" filed this action through

17  Illinois attorney, Aaron Penna, against numerous Defendants, with an Application to Proceed

18  *In Forma Pauperis*.[1]  Christopher, Leo, or an entity[2] affiliated with one or both of them, have

19  previously sued most if not all of the Defendants in this case regarding one or more of the

20  _____

21        [1]    Christopher Stoller (Christopher or Plaintiff) is incarcerated in the Dixon

22  Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison
    Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this

23  action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility"
    who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h);

24  42 U.S.C. § 1997e(h).  As a consequence, this case is subject to requirements under the
    PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A. Christopher

25  Stoller has filed a number of cases in both Illinois and Arizona.

26
          [2]    Specifically, the Christopher Stoller Pension and Profit Sharing Plan Limited, a

27  Bahamas corporation (CSPPSP). See CSPPSP v. Countrywide Bank, No. CV09-0002-PHX-
    NVW.

28

1    same four properties located in Arizona.[3] Defendants Bank of America (BOA), Bryan Cave

2    LLP, Steven R. Smith, and Michael Werich filed a motion for leave to exceed the page limit

3    for their lodged "Motion, Pursuant to F.R.C.P. 11 and 28 U.S.C. § 1651, for Sanctions

4    Against Leo Stoller, Christopher Stoller, and Their Counsel, Aaron Penna." (Doc. 12, 13.)

5        In an Order filed on October 17, 2012, the Court granted the unopposed motion to

6    exceed the page limit. (Doc. 14.) In the motion for sanctions, Defendants ask the Court to

7    sanction Leo, Christopher, and Christopher's attorney, Aaron Penna. Specifically, the

8    Defendants seek the following relief: (a) dismissal of this case with prejudice; (b) an award

9    of attorneys' fees against Leo, Christopher, and Penna, jointly and severally; (c) restraining

10    Leo, Christopher, and "anyone in privity with them or acting on their behalf, from ever

11    bringing any further legal actions related to the properties at issue in this case against any

12    person or entity in any court in the United States or abroad; (d) restraining Leo and

13    Christopher, and anyone in privity with them or acting on their behalf, from suing any of the

14    Defendants or their agents, including counsel, for any alleged reason without leave of Court;

15    and (e) revoking Penna's *pro hac* status because he has abused his privilege to practice

16    before this Court. Defendants argue that sanctions against Leo and Christopher are

17    appropriate because this is the sixth lawsuit "they" have "brought forth" related to three

18    properties and the second action as to a fourth property. (Doc. 13 at 3.) Defendants argue

19    that monetary sanctions will not deter the filing of further suits by them, and that Leo and

20    Christopher either have no assets or have hidden their assets. Defendants argue that Mr.

21    Penna should be sanctioned because he failed to exercise due diligence by filing this case

22

23        [3] According to the Public Access to Court Electronic Records (PACER) website, Leo

24    Stoller has been a party, since 1985, in 87 civil actions or appeals in Illinois, Missouri, Minnesota, New Jersey, Oklahoma, Utah, California, and Arizona. He is currently a criminal

25    defendant in the Northern District of Illinois, case no. 1:2010CR1052. On or about April 13,

26    2012, Leo entered into a plea agreement under which he pleaded guilty to one count of knowingly and fraudulently making a false statement under penalty of perjury in a Chapter

27    13 bankruptcy proceeding in violation of 18 U.S.C. § 152(3). Sentencing is scheduled for

28    October 29, 2012.

after being put on notice of the case's infirmities, including findings in previous cases that are *res judicata* or collaterally estop the current claims.  Because the record did not then reflect that Leo Stoller had instigated or appeared in this action or been served with the motion to exceed the page limit, the Court did not order Leo to respond to the motion for sanctions.

Defendants have filed a supplement to their motion for sanctions and motion for order requiring Leo Stoller to respond to the motion for sanctions.  (Doc. 16.)  Defendants have also filed a motion to expedite consideration of the motion seeking an order requiring Leo Stoller to respond to the motion for sanctions.  (Doc. 17.)  Defendants' motion to expedite will be granted.  The supplement to their motion for sanctions reflects that Mr. Penna represents Leo Stoller, either in addition to Christopher or as Christopher's agent,[4] and that Leo has been integral to the filing of this action and is and has been aware that Defendants intended to seek sanctions.  Therefore, the Court will also grant Defendants' motion to require Leo Stoller to respond to Defendants' motion for sanctions, as supplemented. Defendants may thereafter file a reply.

**IT IS ORDERED:**

(1)     For the reasons stated in the October 17, 2012 Order, Plaintiff's motion for disqualification is **denied**.  (Doc. 5.)

(2)     Defendants' motion to expedite consideration of their motion seeking an order requiring Leo Stoller to respond to the motion for sanctions, doc. 15, is **granted**.  (Doc. 17.)

(3)     Defendants' motion seeking an order requiring Leo Stoller to respond to their motion for sanctions, doc. 15, is **granted**.  (Doc. 16.)

/ / /

/ / /

/ / /

---

[4]  Mr. Penna's representation of Leo, as Christopher's agent, would likely moot the necessity to show that Christopher had the legal capacity to commence this case.

1      (4)      Within **30 days** from the filing date of the October 17, 2012 Order, Leo Stoller

2   must file a response to Defendants' motion for sanctions, doc. 15, as supplemented, doc. 16.

3   Defendants must thereafter file within **15 days** any reply to any response filed by Leo Stoller.

4      DATED this 22nd day of October, 2012.

5

6   _____

7                        G. Murray Snow
                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28