**WO**                                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Stoller,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bank of New York Mellon Trust Co., et al.,<br><br>　　　　Defendants. | No. CV 12-1307-PHX-GMS (JFM)<br><br>**ORDER** |

Christopher Stoller, "[by and through his agent, Leo Stoller,]" filed this action through Illinois attorney, Aaron Penna, against numerous Defendants, with an Application to Proceed *In Forma Pauperis*.[1] Christopher, Leo, or an entity[2] affiliated with one or both of them, have previously sued most if not all of the Defendants in this case regarding one or more of the

---

[1] Christopher Stoller (Christopher or Plaintiff) is incarcerated in the Dixon Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A. Christopher Stoller has filed a number of cases in both Illinois and Arizona.

[2] Specifically, the Christopher Stoller Pension and Profit Sharing Plan Limited, a Bahamas corporation (CSPPSP). See CSPPSP v. Countrywide Bank, No. CV09-0002-PHX-NVW.

same four properties located in Arizona.[3] Defendants Bank of America (BOA), Bryan Cave LLP, Steven R. Smith, and Michael Werich filed a motion for leave to exceed the page limit for their lodged "Motion, Pursuant to F.R.C.P. 11 and 28 U.S.C. § 1651, for Sanctions Against Leo Stoller, Christopher Stoller, and Their Counsel, Aaron Penna." (Doc. 12, 13.)

In an Order filed on October 17, 2012, the Court granted the unopposed motion to exceed the page limit and their 30-page motion for sanctions was filed. (Doc. 14.) Because the record did not then reflect that Leo Stoller had instigated or appeared in this action or been served with the motion to exceed the page limit, the Court did not order Leo to respond to the motion for sanctions. Defendants subsequently filed a five-page supplement to their motion for sanctions and a motion for order requiring Leo Stoller to respond to the motion for sanctions. (Doc. 16.) Defendants also filed a motion to expedite consideration of the motion seeking an order requiring Leo Stoller to respond to the motion for sanctions. (Doc. 17.) On October 22, 2012, the Court granted Defendants' motion seeking an order requiring Leo Stoller, to respond to the motion for sanctions because the supplement to their motion for sanctions reflected that Mr. Penna represents Leo Stoller, either in addition to Christopher or as Christopher's agent, and that Leo has been integral to the filing of this action and was aware that Defendants intended to seek sanctions.

Aaron Penna, identifying himself as "Attorney for Plaintiff," who in turn is identified as "Christopher Stoller," has filed a motion for an extension until November 30, 2012 in which to file a response to the motion for sanctions and leave to exceed the page limit. (Doc.

---

[3] According to the Public Access to Court Electronic Records (PACER) website, Leo Stoller has been a party, since 1985, in 87 civil actions or appeals in Illinois, Missouri, Minnesota, New Jersey, Oklahoma, Utah, California, and Arizona. He is currently a criminal defendant in the Northern District of Illinois, case no. 1:2010CR1052. On or about April 13, 2012, Leo entered into a plea agreement under which he pleaded guilty to one count of knowingly and fraudulently making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding in violation of 18 U.S.C. § 152(3). The case was recently reassigned back to the trial judge. Leo has not yet been sentenced, but a status hearing is scheduled on December 10, 2012. See https://ecf.ilnd.uscourts.gov/doc1/067111771257 (last visited Nov. 13, 2012).

1  19.) The next day, Penna filed a motion to expedite, a motion for clarification, and a motion
2  to withdraw the motion for clarification.  (Doc. 23, 25, 26.)  The motion to withdraw the
3  motion for clarification will be granted to the extent that the motion for clarification will be
4  deemed terminated.  (Doc. 25, 26.)  In the motion to expedite, Penna asks the Court to
5  expedite consideration of his motion for an extension of time, to exceed the page limit, and
6  resolution of his motion for clarification.  (Doc. 23.)  Because he has withdrawn the motion
7  for clarification, the Court disregards that motion to expedite.  Otherwise, the Court will
8  grant the motion to expedite to the extent that Christopher Stoller, Leo Stoller, and Penna are
9  granted until November 30, 2012 in which to respond to the motion for sanctions, as
10  supplemented, and will grant leave to exceed the page limit in their response up to 35 pages,
11  excluding exhibits.  Defendants may thereafter file a reply.

12  **IT IS ORDERED:**

13  (1) The motion to expedite is **granted** to the extent stated below.  (Doc. 23.)

14  (2) The motion for extension of time is **granted** to the extent that Christopher
15  Stoller, Leo Stoller, and Aaron Penna are **granted** until **November 30, 2012** in which to file
16  their response to Defendants' motion for sanctions, as supplemented, docs. 15, 16, and their
17  response may exceed the page limit up to a total of **35 pages**, excluding exhibits.  (Doc. 19.)

18  (3) The motion to withdraw the motion for clarification **terminates** the motion for
19  clarification filed at docket 26.  (Doc. 25.)

20  DATED this 20th day of November, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge