**WO**                                                                                                    SC

1

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                           **FOR THE DISTRICT OF ARIZONA**

8

9   Leo Stoller, *ex rel*. Christopher Stoller,    )    No. CV 12-1307-PHX-GMS (JFM)
                                                    )
10               Plaintiff,                         )    **ORDER**
                                                    )
11   vs.                                            )
                                                    )
12   Bank of New York Mellon Trust Co., et)
     al.,                                           )
13                                                  )
                 Defendants.                        )
14   _____)

15          Christopher Stoller ostensibly filed this action through Illinois attorney, Aaron Penna,

16   against numerous Defendants, with an Application to Proceed *In Forma Pauperis*.[1]  In an

17   Order filed on October 17, 2012, the Court ordered Christopher Stoller to show cause why

18   this action should not be dismissed based on his lack of legal capacity to commence this

19   action and held his Application to Proceed In Forma Pauperis in abeyance.  (Doc. 14.)  On

20   November 16, 2012, Christopher Stoller's brother, Leo Stoller, filed a response to the show

21

22

23   _____

24          [1]   Christopher Stoller (Christopher or Plaintiff) is incarcerated in the Dixon
     Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison
25   Litigation Reform Act (PLRA) because he was a prisoner at the time he commenced this
     action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility"
26   who had been convicted and sentenced for violations of criminal law.  28 U.S.C. § 1915(h);
     42 U.S.C. § 1997e(h).  As a consequence, this case is subject to requirements under the
27   PLRA and this action is subject to screening by the Court.  28 U.S.C. § 1915A.
28

cause order.[2]  (Doc. 28.)  In his response, Leo clarifies that he, as his brother's agent, commenced this action through counsel, Mr. Penna, for his brother's benefit.  (Id.) Therefore, the Court will order that the docket for this case be modified to reflect that Leo Stoller, as agent for Christopher Stoller, is the Plaintiff.  Further, all future filings in this case must be captioned in conformance with the caption of this Order.

## I.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $11.04.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Motion to File Rule 11 Response by Mail

On November 13, 2012, Plaintiff filed a motion for leave to file an overlength brief and for extension of time in which to respond to Defendants' motion for sanctions, as supplemented, doc. 15, 16.  (Doc. 19.)  On November 20, 2012, the Court granted Plaintiff and his attorney until November 20, 2012 in which to file a response and granted their request to exceed the page limit up to a total of 35 pages, excluding exhibits.  (Doc. 32.) Prior to the filing of that Order, however, Plaintiff filed a motion for leave to file Rule 11 Response by Mail and lodged a Rule 11 Response.[3]  (Doc. 29, 30.)  Plaintiff seeks leave to file his Rule 11 Response by mail because "Plaintiff does not currently have access to the equipment by which to scan all of the necessary exhibits which are attachments to its [sic]

---

[2]  Previous filings in this case were signed by Christopher and/or Mr. Penna, but not by Leo Stoller.

[3]  The lodged Response contains 30 pages, excluding exhibits, but appears to be missing some exhibits.  (Doc. 30.)

response . . . ." (Doc. 29.)

This District's "Electronic Case Filing Administrative Policies and Procedures Manual" lists exceptions to the electronic filing requirements, none of which apply to this matter, but also provides that "[a]ny other document or filing that the court orders not to be electronically filed, imaged or maintained in the ECF system." The Court notes that Plaintiff has filed many voluminous documents both in this case and in previous cases, without apparent difficulty. Absent further explanation, the Court will deny Plaintiff leave to serve his Response by mail, particularly where Plaintiff and his attorney have been granted until November 30, 2012, in which to file their response to the motion for sanctions, as supplemented, doc. 15, 16. (See doc. 32.)

**IT IS ORDERED:**

(1)    The caption for all future filings in this case must conform to the caption on this Order and the docket must be modified to reflect that Leo Stoller, as agent of Christopher Stoller, is the Plaintiff.

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $11.04.

(3)    Plaintiff's motion for leave to file his response by mail to the motion for sanctions, as supplemented, is **denied**. (Doc. 29.) As stated in the Court's prior Order, Plaintiff and his attorney, Aaron Penna, have until **November 30, 2012** in which to file their response to the Defendants' motion for sanctions. Defendants may thereafter file any reply.

DATED this 20th day of November, 2012.

A. Murray Snow
G. Murray Snow
United States District Judge