**WO**                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo Stoller, *ex rel.* Christopher Stoller,<br><br>        Plaintiff,<br><br>vs.<br><br>Bank of New York Mellon Trust Co., et al.,<br><br>        Defendants. | No. CV 12-1307-PHX-GMS (JFM)<br><br>**ORDER** |

    Plaintiff Leo Stoller, as agent for his incarcerated brother Christopher, commenced this case against numerous Defendants.[1] (See Doc. 33.) Certain Defendants filed a motion for sanctions and Plaintiff was ordered to respond. (Doc. 15, 18.) Plaintiff filed a response and a cross-motion for sanctions. (Doc. 35.) Certain Defendants filed a response in opposition to the cross-motion and a motion for leave to file excess pages in their reply to Plaintiff's response. (Doc. 36, 37.) The Court will grant certain Defendants' unopposed motion for leave to file excess pages in their reply to Plaintiff's response. (Doc. 37.)

    On December 31, 2012, Plaintiff filed a motion for extension of time in which to file

---

[1] Christopher Stoller is incarcerated in the Dixon Correctional Center in Dixon, Illinois and is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) because he was a prisoner at the time his brother commenced this action. (Doc. 1.) That is, Christopher was a "person incarcerated or detained in any facility" who had been convicted and sentenced for violations of criminal law. 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). As a consequence, this case is subject to requirements under the PLRA and this action is subject to screening by the Court. 28 U.S.C. § 1915A.

his reply to certain Defendants' response to Plaintiff's cross-motion. (Doc. 39.) Plaintiff sought a 30-day extension because "Defendant's counsel has been out of its Chicago office on vacation in Connecticut"; Plaintiff's counsel is a sole practitioner, who had prior pending appeals to draft for the Illinois Appellate Court, First and Second Divisions; Plaintiff's counsel is currently involved in several "prior" Seventh Circuit matters; and certain Defendants raised new issues in their response, which Plaintiff's counsel needs to address. Plaintiff's counsel contends that certain Defendants will not be prejudiced by granting the extension.

Certain Defendants' opposed granting an extension beyond January 11, 2013. (Doc. 40.) Defendants oppose the motion because the reply was due on December 28, 2012 but the motion for extension was not filed until December 31, 2012. Certain Defendants also oppose the motion because Plaintiff and his attorney failed to comply with the requirements of Rule 11(c) of the Federal Rules of Civil Procedure by pre-serving the cross-motion 21 days before filing and by failing to set it out as a separate motion from other filings. Finally, certain Defendants believe that the request is made in bad faith to stall the litigation. On January 14, 2013, Plaintiff filed a reply. (Doc. 41.)

LRCiv. 7.2(d) provides that a moving party, unless otherwise ordered by the Court, "shall have seven (7) days after service of the responsive memorandum to file a reply memorandum if that party so desires." Rule 6(b)(1) of the Federal Rules of Civil Procedure, which addresses extensions of time, provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under LRCiv. 7.2(d), Plaintiff's reply to certain Defendants' response to the cross-

1  motion for sanctions was due December 28, 2012.[2]  Plaintiff did not file his motion for
2  extension of time until December 31.  Therefore, under Rule 6(b)(1)(B), his motion for
3  extension of time may be granted if he failed to timely act because of excusable neglect.

4  Whether a litigant has established excusable neglect for failing to timely seek an
5  extension of time is entrusted to the district court's discretion.  Pincay v. Andrews, 389 F.3d
6  853, 859 (9th Cir. 2004).  Four factors should be considered: (1) the danger of prejudice to
7  the non-moving party, (2) the length of delay and its potential impact on judicial proceedings,
8  (3) the reason for the delay, including whether it was within the reasonable control of the
9  movant, and (4) whether the moving party's conduct was in good faith.  Id. at 855 (citing
10 Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

11 Plaintiff did not articulate reasons for his failure to timely file his motion for extension
12 of time.  Rather, he asserted reasons for seeking the 30-day extension, essentially his status
13 as a sole practitioner and deadlines in other cases.  The reason for Plaintiff's delay in filing
14 the motion for extension, including whether it was within the reasonable control of the
15 Plaintiff, weighs against finding excusable neglect.  Only a few minutes were necessary to
16 determine when the reply was due and to prepare a short motion prior to that deadline.
17 However, the danger of prejudice to certain Defendants is small and the length of delay in
18 filing the motion for extension of time was also small.  Absent prejudice, significant impact
19 on these proceedings, or evidence of bad faith, the Court finds excusable neglect.  Therefore,
20 the Court will grant Plaintiff an extension of time and deem his reply to certain Defendants'
21 opposition to his cross-motion as timely.

22 **IT IS ORDERED:**

23 (1)  Certain Defendants' motion to file excess pages in their reply to Plaintiff's
24 response to their motion for sanctions is **granted**.  (Doc. 37.)

---

[2] Rule 6(d) provides for an additional three days where service is made under Rule 5(b)(2)(C), (D), (E), or (F).  Certain Defendants electronically served Plaintiff's counsel on December 17, 2012 with their response to Plaintiff's cross-motion.

1        (2)    Plaintiff's motion for an extension of time in which to file his reply to certain Defendants' response to his cross-motion for sanctions is **granted** to the extent that his reply, doc. 41, is deemed timely.  (Doc. 39.)

      DATED this 15th day of January, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge